NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JEFFREY COPLIN, | : | Hon. Robert B. Kugler |
| Petitioner, | : | Civil No. 12-3574 (RBK) |
| v. | : |  |
| DONNA ZICKEFOOSE, | : | **O P I N I O N** |
| Respondents. | : |  |

**APPEARANCES**:

> JEFFREY COPLIN, #54688-066
> FCI Fort Dix
> P.O. Box 2000
> Fort Dix, NJ  08640
> Petitioner Pro Se

**KUGLER**, District Judge:

Jeffrey Coplin, ("Petitioner"), an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 challenging his incarceration.  This Court will summarily dismiss the Petition.

**I.  BACKGROUND**

On February 27, 2003, United States District Judge J. Curtis Joyner sentenced Petitioner to concurrent sentences of 20 years imprisonment and 10 years of supervised release, the mandatory minimum where a defendant has previously been convicted for a felony drug offense, see 21 U.S.C. § 841, based on his guilty plea to two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and two counts of distribution of cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. § 860.  See United States v. Coplin, 106 Fed.

App'x 143, 144 (3d Cir. 2004).  Petitioner appealed, and on August 9, 2004, the Third Circuit affirmed.  Id.  Coplin filed a § 2255 motion in the sentencing court in March 2006, which Judge Joyner denied in November 2007, after conducting an evidentiary hearing.  See United States v. Coplin, Crim. No. 00-0745 (JCJ) order (E.D. Pa. Nov. 2, 2007).  The Third Circuit denied a certificate of appealability on June 13, 2008.  Id. at Dkt. 105.  On September 9, 2010, the Third Circuit denied Coplin's application to file a second or successive § 2255 motion.  Id. at Dkt. 114.

On June 14, 2012, the Clerk received from Petitioner a one-page document labeled "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241."  (Dkt. 1 at 1.)  Petitioner seeks an order directing Warden Zickefoose to immediately release him on supervised release.  Attached to the Petition are several documents, including a notice from the Administrative Remedy Coordinator at FCI Fort Dix to Petitioner dated March 20, 2012, stating that his administrative remedy request is being rejected for failure to use the required BP-9 form (Dkt. 1 at 3) and Petitioner's letter to BOP's Northeast Regional Director and Central Office dated April 16, 2012, wherein Petitioner states that the BOP rejected his administrative remedy seeking immediate release for failure to specify the relief requested id. at 4.

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to <u>sua sponte</u> dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." <u>McFarland</u>, 512 U.S. at 856. Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989); <u>see also</u> <u>McFarland</u>, 512 U.S. at 856; <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"); <u>see also</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005).

### III.  DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless
> – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

The Petition in this case does not satisfy the requirements of Habeas Rules 2 and 4 because Petitioner does not assert facts supporting an inference that the fact or duration of Petitioner's confinement violates the Constitution, laws or treaties of the United States. <u>See</u> <u>Cardona v. Bledsoe</u>, ___ F.3d ___, 2012 WL 2335864 (3d Cir. June 19, 2012); <u>United States v.</u>

Thomas, 221 F.3d 430, 437 (3d Cir. 2000).  This Court will dismiss the Petition pursuant to Habeas Rule 4 as facially deficient.

## IV.  CONCLUSION

The Court grants Petitioner's application to proceed in forma pauperis and dismisses the Petition.


        s /Robert B. Kugler
**ROBERT B. KUGLER**, District Judge

Dated:    June 27  , 2012