<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEFFREY COPLIN, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil No. 12-3574 (RBK) |
| v. | : | |
| DONNA ZICKEFOOSE, | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES**:

    JEFFREY COPLIN, #54688-066
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ  08640
    Petitioner <u>Pro Se</u>

<u>KUGLER</u>, District Judge:

    Jeffrey Coplin, ("Petitioner"), an inmate incarcerated at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging his incarceration.  This Court summarily dismissed the Petition because it did not allege facts or grounds showing that he was in custody in violation of the Constitution, laws or treaties of the United States.  Coplin thereafter filed a letter stating that this Court's dismissal was erroneous because the Clerk had filed only one of the 10 pages he submitted; he attached his original 10-page Petition to the letter.  This Court will reopen the file, vacate the Order dismissing the incomplete Petition, direct the Clerk to file the complete Petition, and, after consideration of the complete 10-page Petition, will dismiss it because Coplin is not entitled to a writ of habeas corpus.

## I.  BACKGROUND

In this Petition (Dkt. 5-1), Coplin contends that his federal sentence of incarceration expired on July 17, 2009, but the Bureau of Prisons ("BOP") miscalculated his projected release date as May 16, 2018.  On February 27, 2003, United States District Judge J. Curtis Joyner sentenced him to concurrent sentences of 20 years imprisonment and 10 years of supervised release, see 21 U.S.C. § 841, based on his guilty plea to two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and two counts of distribution of cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. § 860.  See United States v. Coplin, 106 Fed. App'x 143, 144 (3d Cir. 2004).  Coplin maintains that, because 18 U.S.C. § 3583(a) provides that a court, "in imposing a sentence to a term of imprisonment . . . may include as part of the sentence a requirement that the defendant be placed on a term of supervised release," 18 U.S.C. § 3583(a),

> it follows that the 10 year term of supervised release is a part of the 240 month sentence of imprisonment imposed.  Therefore, Mr. Coplin has 240 months, ten years of which is to be served on supervised release, leaving a remainder of 120 months to serve under conditions of confinement with the Bureau of Prisons.
>
> \*                                   \*                                   \*
>
> Jeffrey Coplin, given his continued satisfactory behavior, was entitled to be released from the prerelease custody of Bureau of Prisons (halfway house or home confinement) to the supervision of the probation officer assigned to his case, on July 17, 2009, in order to begin serving the 10 year term of supervised portion of his 240 month sentence of imprisonment.  The BOP failed to do so.
>
> Based upon the above and foregoing, Mr. Coplin asserts that . . . his []mandatory release from the custody of the Bureau of Prisons to the supervision of the U.S. probation office was July 17, 2009.

> Finally, Section 3583(a) does not and cannot say that supervised release is a separate part of the defendant's sentence, rather than being the end of the term of imprisonment because § 3551(b) states that Congress has only authorized three kinds of sentences. 18 U.S.C. § 3551(b). The choice to exclude supervised release from § 3551(b) lead[s] to the conclusion that supervised release is in-fact part of the sentence of imprisonment because § 3551(b) does not permit supervised release to be added on as a separate part of a federal sentence . . . .
>
> Of course, the BOP will say that supervised release is "an addition to imprisonment" as opposed to part of the incarceration." However, under the language Congress promulgated in § 3551(b) permitting only three kinds of sentence, and the exclusion of supervised release under § 3583(a) as part of the sentence, where the only sentence paramount to the discussion, is the sentence of imprisonment, which is statutorily included under § 3551(b). An inclusion of any other kind of sentence unauthorized by federal statute violates Coplin's due process and equal protection rights under the Constitution of the United States.

(Dkt. 5-1 at 4-9.)

Coplin submitted several exhibits, which show that on February 21, 2012, he submitted an informal resolution form complaining that he was eligible for pre-release custody since August 31, 2008. (Dkt. 4 at 6.) On February 24, 2012, his correctional counselor responded: "You will be reviewed for RRC placement 17-19 months prior to release of 5/16/2018." (Id.) On February 27, 2012, Coplin submitted a request for administrative remedy to the warden wherein Coplin maintained that "Coplin's sentence of 240 month with ten years supervised release is split as supervised release is part of the sentence under the statutes" and that his "mandatory release from the custody of the BOP to the supervision of the U.S. Probation Office was July 17, 2009." (Dkt. 4 at 7.) On March 11, 2012, Coplin submitted a letter to the warden attempting to provide a more specific statement of the relief he requested in his administrative remedy. Coplin states that, "[a]lthough supervised release is included under Title 18, United States code, Section 3583(a), the language does not state that supervised release is a separate and distinct sentence under § 3583, only that supervised release is part of the sentence, which is

3

imprisonment . . . . Section 3583(a) does not and cannot say that supervised release is a separate part of the defendant's sentence, rather than being the end of the term of imprisonment because § 3551(b) states that Congress has only authorized three kinds of sentences." (Dkt. 5-2 at 8.)

On March 15, 2012, the administrative remedy coordinator at FCI Fort Dix rejected the administrative remedy request, with leave to resubmit the request in proper form within five days of the date of the notice, on the ground that Coplin needed to be more specific as to the relief he was requesting. (Dkt. 4 at 5.) Coplin appealed to the Northeast Regional Director of the BOP, arguing that his informal BP-8 and formal BP-9 "are clear and concise as to the relief Mr. Coplin is requesting" and attaching copies to the appeal. (Id. at 4.) On April 12, 2012, the Northeast Regional Office rejected his appeal and instructed Coplin to follow the instructions provided by FCI Fort Dix. (Id. at 3.) On June 19, 2012, the BOP's Central Office rejected his appeal and directed Coplin to talk "to your unit team about what is being requested [and] clarify what relief is being requested." (Id. at 2.)

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable

through Rule 1(b).  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

### III.  DISCUSSION

Section 2241 of Title 28 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless
> – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

On November 5, 2001, Coplin pled guilty before Judge Joyner to two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and two counts of distribution of cocaine base within 1000 feet of a public playground, in violation of 21 U.S.C. § 860.  "The District Court sentenced Coplin to concurrent sentences of 20 years imprisonment and 10 years supervised release, the mandatory minimum where a defendant has previously been convicted for a felony drug offense.  See 21 U.S.C. § 841."  United States v. Coplin, 106 Fed. App'x 143, 144 (3d Cir. 2004).  In his Petition, Coplin asserts that, according to his reading of 18 U.S.C. §§ 3583(a) and 3551(b), Judge Joyner's sentence of 20 years imprisonment legally required Coplin

to serve the first 10 years of this sentence in prison and the second 10 years on supervised release. Coplin relies on 18 U.S.C. § 3551(b), which provides:

> **(b) Individuals.**--An individual found guilty of an offense shall be sentenced . . . to–
>
> > (1) a term of probation as authorized by subchapter B;
> >
> > (2) a fine as authorized by subchapter C; or
> >
> > (3) a term of imprisonment as authorized by subchapter D.
>
> A sentence to pay a fine may be imposed in addition to any other sentence. A sanction authorized by section 3554, 3555, or 3556 may be imposed in addition to the sentence required by this subsection.

18 U.S.C. § 3551(b).

Coplin also relies on 18 U.S.C. § 3583(a), which provides:

> **(a) In general.**--The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime as defined in section 3561(b).

18 U.S.C. § 3583(a).

Coplin neglects to cite 18 U.S.C. § 3624(e), which concerns supervised release and provides:

> **(e) Supervision after release**.--A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal,

> State, or local crime unless the imprisonment is for a period of less than 30 consecutive days. Upon the release of a prisoner by the Bureau of Prisons to supervised release, the Bureau of Prisons shall notify such prisoner, verbally and in writing, of the requirement that the prisoner adhere to an installment schedule, not to exceed 2 years except in special circumstances, to pay for any fine imposed for the offense committed by such prisoner, and of the consequences of failure to pay such fines under sections 3611 through 3614 of this title.

18 U.S.C. § 3624(e).

Coplin also ignores the statute under which he was convicted, see 21 U.S.C. § 841, which was quoted by the Third Circuit in a footnote when it affirmed Coplin's sentence of 20 years in prison and 10 years supervised release, and expressly provides that the 10-year term of supervised release is "in addition to" the term of imprisonment. The footnote reads:

> This provision provides, in pertinent part: "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . . [I]f there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment." 21 U.S.C. § 841.

United States v. Coplin, 106 Fed. App'x at 144 n.1.

Coplin argues that when a district court imposes a sentence which includes a term of imprisonment and a term of supervised release, the term to be served in prison is calculated by subtracting the supervised release term from the term of imprisonment. The problem with this argument is that it is contrary to the express language of 21 U.S.C. § 841, which states that the supervised release term is "in addition to" the term of imprisonment. Moreover, relying on 18 U.S.C. § 3624(e) and United States v. Johnson, 529 U.S. 53 (2000), the Third Circuit rejected Coplin's statutory interpretation argument in Milovanovic v. Samuels, 266 Fed. App'x 91 (3d Cir. 2008). In that case, Milovanovic filed a § 2241 petition challenging the BOP's calculation of his projected release date where he was sentenced to 78 months of imprisonment and three

years of supervised release. Like Coplin, relying on 18 U.S.C. § 3583(a), Milovanovic "argue[d] that his term incarceration should be 78 months minus 36 months (supervised release) minus ten months (good time), i.e., 32 months." Id. at 91. The Third Circuit held that the argument had no merit:

> The language of 18 U.S.C. § 3583(a) - "the court in imposing a sentence to a term of imprisonment . . . may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment" - does not support his contention that 78 months is the full duration of his sentence, including supervised release. Indeed, § 3624(e) unambiguously provides otherwise. See United States v. Johnson, 529 U.S. 53, 56-57 . . . (2000).

Milovanovic, 266 Fed. App'x at 92.[1]

Because Coplin has not shown that the warden violated the Constitution, laws or treaties of the United States in calculating his projected release date, he is not entitled to habeas relief and this Court will dismiss the Petition.

## IV.  CONCLUSION

The Court vacates the Order dismissing the Petition and, after consideration of Coplin's complete Petition, dismisses it.

    s/Robert B. Kugler
**ROBERT B. KUGLER**, District Judge

Dated:   October 18  , 2012

---

[1] Coplin's interpretation is also refuted by Third Circuit case law affirming sentences where the term of imprisonment is less than the term of supervised release. See United States v. Joline, 662 F.3d 657 (3d Cir. 2011) (affirming criminal judgment sentencing Joline to a six-month term of imprisonment and five-year term of supervised release); United States v. Albertson, 645 F.3d 191 (3d Cir. 2011) (affirming sentence of 60 months of imprisonment and 240 months of supervised release).